IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**CAMERON THOMPSON,** *et al.*                                                                  **PLAINTIFFS**

**v.**                                                         **CIVIL ACTION NO.: 2:24-cv-34-KS-MTP**

**INTERMODAL CARTAGE, CO., LLC,** *et al.*                                         **DEFENDANTS**

**ORDER**

THIS MATTER is before the Court on Defendants Julian Davis and Intermodal Cartage Co., LLC's Urgent and Necessitous Motion for Protective Order Limiting the Scope of Plaintiffs' Amended Notice of 30(b)(6) Deposition of Intermodal Cartage Co., LLC [72] and Plaintiffs' Motion to Extend Expert & Opinion Witness Designation Deadline [75].

Having carefully considered Defendants' Motion for Protective Order [72] and the parties' submissions, the Court finds that the Motion [72] should be GRANTED in part and DENIED in part as set forth below. Further, the Court finds that Plaintiffs' Motion to Extend [75] should be DENIED without prejudice.

**BACKGROUND**

On December 21, 2022, Plaintiff Cameron Thompson and his son, J.C., were involved in a wreck with Defendant Julian Davis ("Davis"). At the time of the accident, Davis was driving an "eighteen-wheeler" for his employer, Defendant Intermodal Cartage Co., LLC ("IMC"). Davis, while allegedly using his cellphone, drove through a stop sign and into Plaintiff Thompson's vehicle.

On March 7, 2024, Plaintiffs filed this lawsuit asserting various claims against Defendants Davis and IMC, including varying negligence and respondeat superior liability

1

claims against IMC.  *See* Notice of Removal [1].  Plaintiffs also seek punitive damages against IMC.

On August 8, 2024, Defendants filed their Motion for Judgment on the Pleadings as to the Direct Negligence and Punitive Claims against IMC [27].  On September 23, 2024, Defendants also filed a "Stipulation of Liability," stating that Davis was negligent in the operation of his motor vehicle at the time of the accident and that his negligence was the proximate cause of the accident.  *See* [51].  Defendant IMC further stipulated that Davis was, at all times, an employee of IMC and was operating his vehicle in the course and scope of his employment with IMC, imputing his negligence to IMC, Davis's employer.  *Id.*  As such, Defendants posit that the only remaining questions in discovery "are those surrounding damages."  [76] at 1.

On September 20, 2024, Plaintiffs filed their Notice of 30(b)(6) Deposition of IMC.  *See* [50].  The deposition was set to occur on October 10, 2024.  Defendants then filed their first Motion for Protective Order [67], seeking to limit the scope of the topics noticed by Plaintiffs to topics related only to the issue of Plaintiffs' damages.  *See* [67] at 3.

The Court held a telephonic discovery with the parties, wherein Plaintiffs agreed to revise the scope of the 30(b)(6) deposition of IMC and the parties were directed to confer further regarding the scope thereof and to inform the Court if they failed to reach a resolution regarding the same.  Though Plaintiffs revised their 30(b)(6) notice, no resolution was reached.

The instant Motion for Protective Order [72] followed on October 7, 2024.  Because the 30(b)(6) deposition was imminent, the Court again directed the parties to resolve the remaining disputes.  Failing resolution, the Court informed the parties that the deposition would be stayed and that they would be required to brief the instant Motion for Protective Order [72].  Again, no

resolution was reached.  The Court stayed the deposition, and the parties briefed Defendants' Motion for Protective Order [72].

In the Motion [72], Defendants move to limit the scope of twenty topics outlined in the 30(b)(6) notice and to strike Plaintiffs' requests for production of documents associated with the 30(b)(6) notice.  Specifically, Defendants argue that "any discovery beyond the scope of Plaintiffs' damages is neither relevant nor proportional to the needs of the case.  Alternatively, any discovery as to Plaintiffs' claims should be limited to Davis's handheld cellphone usage and training and Plaintiffs' 30(b)(6) notice should be modified accordingly."  [76] at 2.

To date, there has been no ruling on Defendants' Motion for Judgment on the Pleadings [27], so all of Plaintiffs' claims remain in this case.  Unsurprisingly then, Plaintiffs disagree with Defendants' position and argue that each topic addressed in their revised 30(b)(6) notice is directly relevant to their case.

## ANALYSIS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). At the discovery stage, relevancy is broadly construed, and information is considered relevant if it "encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  Rule 26 also specifies that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

The rules of discovery are to be accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials.  *Herbert v. Lando*, 441 U.S. 153, 177 (1979).  At some point, however, discovery yields diminishing returns, needlessly increases

3

expenses, and delays the resolution of the parties' dispute. District courts have broad discretion to determine the scope of discovery. *Cruz v. Maverick Cnty.*, 957 F.3d 563, 570 (5th Cir. 2020).

Within the Court's discretion, the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by limiting the scope of a 30(b)(6) deposition. Fed. R. Civ. P. 26(c). Indeed, under Rule 26(c), "[t]he court may limit a Rule 30(b)(6) deposition notice to the extent it requests the organization to designate an agent to testify on topics of information that are overly broad, vague, or ambiguous." *Dean v. Shell Pipeline Co., LP*, 2020 WL 2813521, at *3 (M.D. La. May 29, 2020) (collecting cases).

Rule 26(c)'s "good cause" requirement dictates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). Having carefully considered the Motion [72], the Court rules as follows:

*Topics of Inquiry*

**Topic No. 3**

The Motion is GRANTED as to Topic No. 3. As written, the topic is overly broad and disproportionate to the needs of the case. The scope of Topic No. 3 is limited to the hiring, training, supervision, and discipline of Davis by IMC during his employment with IMC as it relates to any prior instances of improper handheld cellphone use by Davis and/or efforts to discover the same during the hiring process, any training or supervision related to handheld cellphone use, and any prior instances of discipline related to handheld cellphone use by Davis.

**Topic No. 4**

The Motion is GRANTED in part and DENIED in part as to Topic No. 4.  As written, the topic is overly broad and is disproportionate to the needs of the case.  Topic No. 4 is limited to any communication between IMC and Davis involving the use of Davis's handheld cell phone while he was driving from June 21, 2022, until December 21, 2022—the date of the collision.

**Topic No. 6**

The Motion is GRANTED as to Topic No. 6.  As Plaintiffs concede this topic, the scope of Topic No. 6 is limited to devices "which could detect the presence and/or use of a handheld cellphone or device."

**Topic No. 11**

The Motion is GRANTED in part and DENIED in part as to Topic No. 11.  As written, the topic is overly broad and disproportionate to the needs of the case.  Plaintiffs seek information regarding IMC and Davis's history of motor vehicle collision litigation over the past three years.  Defendants move to limit the scope of this inquiry only as to Davis "to the extent that he has been involved in 'motor vehicle collision litigation' involving handheld cellphone use."

Plaintiffs' inquiry shall not be so constrained.  Topic No. 11 is limited to information regarding both IMC and Davis's history of motor vehicle collision litigation involving the usage of handheld cellphones for cases filed from December 21, 2019, until December 21, 2022.

**Topic No. 12**

For the same reasons stated regarding Topic No. 11, the Motion is GRANTED in part and DENIED in part as to Topic No. 12.  Topic No. 12 is limited to citations, fines, and penalties

5

of IMC involving its drivers' usage of handheld cellphones from December 21, 2019, until December 21, 2022.

**Topic Nos. 13-15**

The Motion is GRANTED in part and DENIED in part as to Topic Nos. 13-15. Plaintiffs inquire as to handbooks, policies, or manuals used by IMC during Davis's employment that contain references to the use of handheld cellphones while driving a commercial vehicle for IMC. Defendants request that the Court limit the scope only to the specific portions of the materials that relate to the use of handheld cellphones and "only as to that which was provided to Davis."

The scope for Topic Nos. 13-15 shall be limited to the specific portions of the materials that relate to the use of handheld cellphones. However, IMC shall prepare its corporate representative to discuss any relevant document requested in these inquiries, not just those "provided to Davis."

**Topic No. 16**

The Motion is DENIED as to Topic No. 16. The information sought in this inquiry could be relevant to Plaintiffs' claim for punitive damages. Defendants have not demonstrated that the request is unduly burdensome.

**Topic No. 17**

The Motion is GRANTED in part and DENIED in part as to Topic No. 17. As written, the request is overly broad and disproportionate to the needs of the case. The topic is limited to records associated with the December 21, 2022, accident, and any other records of accidents involving Davis that occurred during his employment with IMC.

6

**Topic No. 18**

The Motion is DENIED as to Topic No. 18 for the same reasons stated as to Topic No. 16.

**Topic No. 19**

The Motion is GRANTED as to Topic No. 19. As written, the topic is overly broad, disproportionate to the needs of the case, and seeks irrelevant information. The scope of Topic No. 19 is limited to the validity of Davis's commercial driver's license at the time of hire and through his tenure of employment with IMC and information regarding Davis's handheld cellphone usage.

**Topic No. 21**

The Motion is GRANTED in part and DENIED in part as to Topic No. 21. As written, the topic is overly broad, burdensome, and disproportionate to the needs of the case. Topic No. 21 is limited to communications between IMC and Davis from January 1, 2022, until the date of the accident, December 21, 2022, concerning or involving handheld cellphone usage, including whether IMC called or texted Davis while he was driving during his employment.

**Topic No. 23**

The Motion is GRANTED as to Topic No. 23. This request is overly broad, burdensome, and disproportionate to the needs of the case. Topic No. 23 is limited to training on, and past instances of, handheld cellphone usage as to Davis only.

**Topic No. 24**

The Motion is GRANTED as to Topic No. 24 as it seeks information that is disproportionate to the needs of the case and not relevant to any claim or issue.

**Topic No. 26**

The Motion is GRANTED in part and DENIED in part as to Topic No. 26.  As written, the inquiry is overly broad and disproportionate to the needs of the case.  Topic No. 26 is limited to the contracts and licenses in effect on December 21, 2022, between IMC and any telematics provider that monitored or documented handheld cellphone usage.

**Topic No. 27**

The Motion is GRANTED as to Topic No. 27.  Topic No. 27 is limited to documents generated that concern any relevant communication from the telematics provider to IMC involving Davis's use of a handheld cellphone from January 1, 2022, to January 1, 2023.

**Topic No. 28**

The Motion is DENIED as to Topic No. 28.

**Topic No. 29**

The Motion is DENIED as to Topic No. 29.

**Topic No. 30**

The Motion is GRANTED as to Topic No. 30.

*Document Production*

The Case Management Order [9] limits requests for production of documents to thirty succinct questions.  On June 27, 2024, Plaintiffs propounded discovery upon Defendants, which included 30 requests for production (not counting the non-succinct subparts).  *See* [72-3].  Now, Plaintiffs request that additional documents be produced during IMC's 30(b)(6) deposition.

Though a deposition notice to a party may be accompanied by a request for production of documents under Fed. R. Civ. P. 34, the Case Management Order still applies.  Because Plaintiffs have already propounded 30 requests for production, they "may not circumvent the

Case Management Order by simply listing documents to be produced in a deposition notice." *Trepagnier v. Zurich Am. Ins. Co.*, 2018 WL 8951203, at *2 (S.D. Miss. May 16, 2018).

Accordingly, the Motion is GRANTED as to the additional documents requested in Plaintiffs' 30(b)(6) notice, and any documents requested in the notice need not be produced.

***Plaintiffs' Motion to Extend Expert & Opinion Witness Designation Deadline [75]***

In light of the parties' dispute relating to the scope of Plaintiff's 30(b)(6) notice discussed above, Plaintiffs move the Court to extend their November 1, 2024, expert designation deadline by an additional thirty days, or until December 1, 2024—the day before Defendants' expert designation deadline.[1]  Plaintiffs say that the cancellation of the 30(b)(6) deposition at issue stalled their efforts to obtain information they "reasonably believe" to be "necessary" to their expert disclosure.[2]  [75] at 2.

Defendants oppose the Motion [75], arguing that Plaintiffs fail to show good cause warranting any extension of their expert designation deadline and provide only general statements of their need for more time.  *See* [77].

A case management order "may be modified only for good cause shown and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  Additionally, the Case Management Order [9] in this case provides that "[t]his Order … can be modified only by order of the court on a showing of good cause supported with affidavits, other evidentiary materials, or reference to portions of the record."  *See* Case Management Order [9] at 1.

---

[1] Plaintiffs do not request a similar extension for Defendants' expert designation deadline, nor do they indicate whether the Motion [75] is opposed, in violation of L.U. Civ. R. 7(b)(10).

[2] Additionally, Plaintiffs say that Defendants have not responded to written discovery propounded on June 27, 2024, and revised on October 2, 2024.  *See* [75] at 1.  However, the discovery issue now before the Court relates only to the scope of the 30(b)(6) notice addressed at length herein.

The Court agrees with Defendants that the Motion [75] does not meet the standard required by Fed. R. Civ. P. 16(b)(4) and the Case Management Order [9].  Plaintiffs have not indicated what additional discovery is necessary to adequately designate their experts. Moreover, Plaintiffs should be able to sufficiently designate certain experts, especially those relating to their damages and medical treatment, whether they conduct the 30(b)(6) deposition before or after their expert designation deadline.

Whether Plaintiffs contemplate designating other particular experts is unclear.  The Motion [75] does not provide any information to suggest what information might be gleaned in the remaining discovery and how it might be useful to an expert.

Accordingly, Plaintiffs' Motion to Extend [75] is DENIED without prejudice.

IT IS, THEREFORE, ORDERED that:

1. Defendants Julian Davis and Intermodal Cartage Co., LLC's Urgent and Necessitous Motion for Protective Order Limiting the Scope of Plaintiffs' Amended Notice of 30(b)(6) Deposition of Intermodal Cartage Co., LLC [72] is GRANTED in part and DENIED in part as set forth in this Order;

2. The parties shall proceed with the 30(b)(6) deposition of Defendant Intermodal Cartage Co., LLC, forthwith, within the parameters set forth herein; and

3. Plaintiffs' Motion to Extend Expert & Opinion Witness Designation Deadline [75] is DENIED without prejudice.

SO ORDERED, this the 25th day of October, 2024.

                                                  s/Michael T. Parker
                                                  United States Magistrate Judge