IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**CAMERON THOMPSON,** *et al.*                                                                  **PLAINTIFFS**

**v.**                                                    **CIVIL ACTION NO.: 2:24-cv-34-KS-MTP**

**INTERMODAL CARTAGE, CO., LLC,** *et al.*                                           **DEFENDANTS**

## ORDER

THIS MATTER is before the Court on Plaintiffs Cameron Thompson and Kellie Nelson's Motion to Compel Document Production [93]. Plaintiffs move the Court to compel the production of various documents that were apparently requested from Defendants Julian Davis and Intermodal Cartage, Co., LLC, on June 27, 2024. Because the Motion [93] fails to comply with the Local Rules, the Court finds that it should be DENIED.

## BACKGROUND

This is a motor-vehicle-accident case wherein Defendant Julian Davis collided with Plaintiff Cameron Thompson and his minor son, J.C. At the time of the accident, Davis was driving for Defendant Intermodal Cartage, Co., LLC ("IMC"). Both Davis and IMC "stipulated" to liability for Plaintiffs' claims of simple negligence as to Davis's actions and for all compensatory damages directly and proximately caused by the accident. *See* Defendants' Stipulation of Liability Only [51]. The parties have since been entangled in various discovery disputes.

Plaintiffs now demand the production of various documents they apparently requested from Defendants on June 27, 2024. Defendants objected to most of these requests, and the parties were unable to resolve their disagreements over the same. So, on October 1, 2024, the parties participated in a telephonic discovery conference before the undersigned in hopes of

1

resolving their disputes. While no ruling was issued during or after the conference concerning these disputed discovery requests, the undersigned indicated "likely resolutions"—*not rulings*—and expected the parties to proceed accordingly. *See* Minute Entry 10/01/2024.[1] Apparently, however, the parties have been unable to resolve their disputes.

In the Motion [93], Plaintiffs argue that Defendants have not yet produced certain documents nor supplemented their responses, allegedly despite their representations that they would. Defendants have, say Plaintiffs, "withheld crucial discoverable documents and information in an attempt to slow the discovery process." [93] at 5.

Defendants oppose the Motion [93] on two fronts. First, Defendants say that the Motion [93] fails to comply with L.U. Civ. R. 37(b), and it should be denied on that basis alone. *See* [98] at 2. Defendants also maintain that they have already provided Plaintiffs with the requested information, so there is nothing left to produce concerning these discovery requests.

## ANALYSIS

Motions concerning discovery propounded "must quote verbatim each interrogatory, request for production, or request for admission to which the motion is addressed and must state:

---

[1] The Minute Entry reads, "The Court conferred with the parties and discussed various discovery disputes. The Court indicated *likely resolutions* to the issues raised concerning written discovery and deposition topics. Plaintiffs agreed to revise the scope of the 30(b)(6) notice of Defendants. The parties were directed to confer further concerning the scope of the 30(b)(6) notice and to inform the Court if the parties reach a resolution regarding the same. Absent resolution, the parties are authorized to file appropriate discovery motions without further conference with the Court. No order will be entered at this time." Minute Entry 10/01/2024 (emphasis added). As stated, the Court did not enter *any* rulings concerning written discovery nor the deposition topics. The parties were then unable to resolve the issues concerning the 30(b)(6) deposition topics, so Defendants filed their Motion for Protective Order [72], which the Court granted in part and denied in part. *See* Order [86]. To be clear, the Court's Order [86] set forth the scope of certain inquiries that Plaintiffs may pursue during the 30(b)(6) deposition of IMC. Notably, the Order [86] *denied* Plaintiffs' attempt to demand the production of additional documents associated with the 30(b)(6) notice.

(1) the specific objection; (2) the grounds assigned for the objection (if not apparent from the objection itself), and (3) the reasons assigned as supporting the motion." L.U. Civ. R. 37(b). Failure to adhere to L.U. Civ. R. 37(b) "will result in a denial of the motion without prejudice to the party who may refile the motion upon conformity with this rule." L.U. Civ. R. 37(c).

Plaintiffs' Motion to Compel [93] falls well short of Local Rule 37(b)'s requirements. Indeed, the requests presented in the Motion [93] are not verbatim representations of the discovery actually propounded. Plaintiffs have instead rewritten their requests "to conform with the Order of the Court [86]." [93] at 5. But the Court's Order [86] addressed only topics that Plaintiffs were allowed to inquire when conducting their 30(b)(6) deposition of IMC. The Court's Order [86] did not address the written discovery requests propounded by Plaintiffs in June (or at any time) nor did it suggest that Defendants were required to produce any documents associated with the topics set forth in the 30(b)(6) Notice.

Moreover, of the discovery at issue, Plaintiffs provided only footnotes "referencing" the disputed discovery requests.[2] Plaintiffs make no attempt to reconcile their discovery requests as presented in the Motion [93] with the discovery actually propounded. Plaintiffs instead attached to the Motion [93] as exhibits 162 pages of various discovery requests, responses, and "good faith letters" sent between the parties.[3] By attaching these exhibits with footnotes only "referencing" the discovery requests scattered throughout the same, Plaintiffs transferred their responsibilities to everyone else, creating undue burden and expense.

---

[2] Even then Plaintiffs do not quote in whole or in part the discovery requests at issue nor provide Defendants' objections to any request.

[3] In their Reply [101], Plaintiffs again failed to quote verbatim the discovery requests at issue and continued "referencing" such requests via footnotes. Plaintiffs then attached an additional 87 pages of exhibits to their 22-page Reply [101].

This violation of the rules leaves the Court (and Defendants) to sift through numerous documents and to engage in guesswork to verify the information conveyed in the Motion to Compel [93], which is the very problem the rule sought to eliminate.  As provided by Local Rule 37(c), a failure to comply with this requirement is a sufficient basis for the Court to deny the Motion [93].[4]

Additionally, Plaintiffs' closing paragraph in their Reply [101] demonstrates the underlying problem with their Motion to Compel [93].  Plaintiffs say that because the Court's Order [86] "permitted" the inquiry into certain topics during the upcoming 30(b)(6) deposition of IMC, their counsel "requires an adequate set of discoverable information to conduct the 30(b)(6) deposition of IMC on the subject matters permitted in this Court's Order [86]."  [101] at 20.

Plaintiffs' argument is misplaced.  Permitting the inquiry of certain topics set forth in a deposition notice does not grant Plaintiffs an opportunity to rewrite their previously served discovery.  Plaintiffs are also reminded that they were not permitted to request the production of additional documents in connection with the 30(b)(6) deposition of IMC.  *See* Court's Order [86] at 8-9.  Accordingly, the Court declines to entertain any request to compel the production of documents not previously sought or not presented as the rules require.

IT IS, THEREFORE, ORDERED that Plaintiffs Cameron Thompson and Kellie Nelson's Motion to Compel Document Production [93] is DENIED.

SO ORDERED, this the 19th day of November, 2024.

s/Michael T. Parker<br>
United States Magistrate Judge

---

[4] Plaintiffs also failed to file a memorandum brief supporting the Motion to Compel [93] as required by L.U. Civ. R. 7(b)(4).  *See* L.U. Civ. R. 7(b)(4) ("At the time the motion is served … counsel for movant must file a memorandum brief in support of the motion. … Failure to submit the required motion documents may result in the denial of the motion.").