IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**CAMERON THOMPSON,** *et al.*                                                       **PLAINTIFFS**

**v.**                                                   **CIVIL ACTION NO.: 2:24-cv-34-KS-MTP**

**INTERMODAL CARTAGE CO., LLC,** *et al.*                           **DEFENDANTS**

**ORDER**

THIS MATTER is before the Court upon Defendants Intermodal Cartage Co., LLC, and Julian Davis's Motion to Quash Plaintiffs' Subpoena Duces Tecum to River City Capital Leasing, LLC [129]. Having carefully considered the Motion [129], the applicable law, and the parties' submissions, the Court finds that the Motion [129] should be DENIED.

On December 10, 2024, Plaintiffs Cameron Thompson and Kellie Nelson filed a Notice of Intent to serve a subpoena duces tecum upon non-party River City Capital Leasing, LLC ("River City").[1] *See* [107]. The subpoena was served on December 13, 2024, and requested "all documents and data that identify the vehicles leased" from River City to Defendant Intermodal Cartage Co., LLC (and its affiliated companies), between 06/01/2022-12/22/2022 by 4:00 p.m. on December 27, 2024. [112]; *see also* [107-1].

Defendants filed the instant Motion to Quash [129] the River City subpoena on January 6, 2025—ten days beyond the December 27, 2024, compliance deadline for the disputed subpoena. Defendants acknowledge that River City is a non-party to this action but say that they may nevertheless challenge the subpoena because it "seeks protected information sensitive to them." [129] at 2.

---

[1] Defendants say that River City is a third-party entity through which Intermodal Cartage Co., LLC, leases its vehicles. *See* [130] at 1.

In the Motion [129], Defendants say that they "have not attempted to communicate with Plaintiffs regarding the issues raised herein," but in any event expect that the motion would be opposed "in its entirety." [129] at 2. Plaintiffs indeed oppose the Motion [129]. *See* [132]. Upon review, the Court finds that the Motion [129] should be denied.

First, "[m]otions regarding subpoenas are considered discovery motions and are governed by the procedural requirements that govern discovery motions." L.U. Civ. R. 45(e). The Local Rules of this Court require that "[b]efore service of a discovery motion, counsel must confer in good faith to determine to what extent the issue in question can be resolved without court intervention[,]" and that a "Good Faith Certificate … must be filed with all discovery motions." L.U. Civ. R. 37(a). Moreover, the Case Management Order [9] in this matter provides:

> [B]efore a party may serve any discovery motion, counsel must first confer in good faith as required by [Fed. R. Civ. P.] 37(a)(1). If the attorney conference does not resolve the dispute, counsel must contact the chambers of the magistrate judge to request a telephonic conference to discuss the issues as contemplated by [Fed. R. Civ. P.] 16(b)(3)(B)(v). Only if the telephonic conference with the judge is unsuccessful in resolving the issue may a party file a discovery motion.

*See* Case Management Order [9].

Defendants disregard these requirements but ask that they be relieved from the same. The Court declines that request. Moreover, Defendants admit that they did not attempt to communicate with the Plaintiffs regarding the disputed subpoena, making their responsibility to attach a good faith certificate to the Motion [129] impossible. [129] at 2. And, as required by the Case Management Order [9], Defendants were required to contact the undersigned and schedule a conference to discuss the discovery dispute prior to filing the Motion to Quash [129]. They didn't. The Motion [129] may be denied for these reasons alone.

Additionally, the Motion to Quash [129] is untimely. Federal Rule 45 provides that motions to quash must be "timely." Fed. R. Civ. P. 45(d)(3)(A). Though the Federal Rules do

not define timeliness, courts generally have read "timely" to mean within the time set for compliance in the subpoena. *See MetroPCS v. Thomas*, 327 F.R.D. 600, 615 (N.D. Tex. 2018); *Scrum Alliance Inc., v. Scrum, Inc.*, 2020 WL 6559625 (E.D. Tex. Nov. 9, 2020).

Here, the River City subpoena required compliance by December 27, 2024. Defendants did not file their Motion to Quash [129] until January 6, 2025. Furthermore, as discussed earlier, they did not attempt to communicate with Plaintiffs concerning the propriety of the River City subpoena. Accordingly, the Motion to Quash [129] the River City subpoena may also be denied as untimely.[2]

IT IS, THEREFORE, ORDERED that:

1. Defendants Intermodal Cartage Co., LLC, and Julian Davis's Motion to Quash Plaintiffs' Subpoena Duces Tecum to River City Capital Leasing, LLC [129] is DENIED; and

2. The documents responsive to the subpoena duces tecum shall be produced by not later than January 29, 2025.

SO ORDERED, this the 23rd day of January, 2025.

s/Michael T. Parker
United States Magistrate Judge

---

[2] Plaintiffs say that the Motion [129] may also be denied for Defendants' lack of standing to challenge the River City subpoena. *See* [132] at 2-3. For their part, Defendants assert that they have standing to challenge the subpoena because it "could seek information" reflecting proprietary, confidential, and/or financially sensitive information regarding Intermodal Cartage Co., LLC's business practices and truck leasing program. [130] at 3. However, the subpoena seeks only information identifying the vehicles leased by River City to Intermodal Cartage Co., LLC, and its affiliated companies for a limited timeframe. Even if the Court decided the issue of standing, Defendants have not made a compelling argument that the requested information is overly sensitive nor deserving of protection. In any event, the Court denies the Motion [129] on other grounds stated herein.