IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**CAMERON THOMPSON,** *et al.*                                                                          **PLAINTIFFS**

v.                                                                      **CIVIL ACTION NO.: 2:24-cv-34-KS-MTP**

**INTERMODAL CARTAGE CO., LLC,** *et al.*                                                        **DEFENDANTS**

## ORDER

THIS MATTER is before the Court upon Defendants Intermodal Cartage Co., LLC, and Julian Davis's Motion to Quash Plaintiffs' Subpoena Duces Tecum to Parker & Associates, LLC [121]. Having carefully considered the Motion [121], the applicable law, and the parties' submissions, the Court finds that the Motion [121] should be GRANTED in part and DENIED in part.

## BACKGROUND

On December 21, 2022, Plaintiffs Cameron Thompson and his minor son, J.C., were involved in a motor-vehicle accident with Defendant Julian Davis, who, at the time, was driving a vehicle for Defendant Intermodal Cartage Co., LLC ("IMC"). The following day, IMC reported a claim concerning the accident to Parker & Associates, LLC ("Parker"), "a third-party company which provides independent adjusting and claim administration services." [122] at 1. Plaintiffs' counsel sent a letter to IMC and Parker on January 26, 2023, notifying both of Plaintiffs' legal representation, revoking any assignment of claims to medical care providers, and demanding the preservation and production of any evidence related to the accident. *See* [121-1] at 1.

On December 10, 2024, Plaintiffs filed a Notice of Intent to serve a subpoena duces tecum upon Parker. *See* [106]. The subpoena requested the production of certified copies of all

1

documents regarding the vehicular accident on which this lawsuit is based that involve Defendants IMC and Julian Davis, including those regarding Plaintiffs' claim arising from the accident; a certified copy of the contract between Parker and IMC; and a copy of the standards, policies, and procedures used by Parker in its claim-administration process.  *See* [106-1].  Though compliance was demanded by 4:00 p.m. on December 27, 2024, the subpoena was not served until January 7, 2025.  *See* [139].

In the instant Motion [121], Defendants seek to quash the subpoena served upon Parker.  Defendants acknowledge that Parker is a non-party to this action but say that they may nevertheless challenge the subpoena because "it seeks protected information sensitive to them." [121] at 2.  In support, Defendants contend that the subpoena seeks information protected by the attorney-client privilege and the work-product doctrine, specifically regarding any documents that were created after January 26, 2023—the day that Plaintiffs' counsel contacted Parker demanding the preservation and production of any evidence relevant to the accident.  [122] at 1-2.

Plaintiffs oppose the Motion [121] in its entirety and argue that Defendants failed to confer in good faith prior to filing the instant motion; Defendants lack standing to object to a subpoena issued to a third party; Defendants failed to timely and properly file a privilege log covering communications with Parker; the information sought is not privileged; and Defendants have not met their burden of proof establishing that the documents requested are work product or privileged.  *See* [131] at 2.

## ANALYSIS

*Standing*

Pursuant to Federal Rule of Civil Procedure 45, a court may quash or modify a subpoena that requires disclosure of privileged or otherwise protected matter if no exception or waiver applies. *See* Fed. R. Civ. P. 45(d)(3)(iii). However, "[p]arties have limited standing to quash subpoenas served on non-parties pursuant to Rule 45." *Bounds v. Cap. Area Fam. Violence Intervention Ctr., Inc.*, 314 F.R.D. 214, 218 (M.D. La. 2016) (internal citation omitted). "For a party to have standing to challenge a subpoena issued to a non-party, the party must either have possession of the materials subpoenaed or a personal right or privilege with respect to the materials subpoenaed." *Jez v. Dow Chem. Co., Inc.*, 402 F. Supp. 2d 783, 784-85 (S.D. Tex. 2005) (cleaned up).

Defendants say that the subpoena seeks protected information, including contracts between IMC and Parker and other "proprietary and confidential information sensitive to IMC's retention of adjusting and claim administration services." [122] at 3. Defendants also say that most, if not all, of the information sought from Parker is protected under the attorney-client privilege and the work-product doctrine. Notably, Parker has not filed any opposition to the subpoena directed to it. Still, the Court finds that Defendants, chiefly IMC, have asserted a sufficient interest in the information sought and will consider their objections.[1]

---

[1] Defendants also say that the subpoena requests information that "is not relevant to the issues raised by the claims or defenses of either party, nor is it reasonably calculated to lead to the discovery of admissible evidence." [122] at 2-3. However, the Court rejects the Defendants' objection that the subpoena served on the non-party is broad or irrelevant. *See Donaldson v. Crisp*, 2023 WL 6201372, at *5 (E.D. Tex. Sept. 21, 2023) (collecting cases).

*Attorney-Client Privilege*

The attorney client privilege protects communications made in confidence between an attorney and his client that are relevant to legal advice. *See Upjohn Co. v. U.S.*, 449 U.S. 383, 395 (1981). Even still, the attorney-client privilege "only protects disclosure of communications; it does not protect disclosure of the underlying facts." *Id*. The party asserting the privilege bears the burden of demonstrating it exists under the circumstances presented. *See In re Santa Fe Intern. Corp.*, 272 F.3d 705, 710 (5th Cir. 2001).

Defendants say that Parker is "in possession of confidential communications discussing strategy, litigation reports and claim evaluations." [122] at 4. Defendants thus contend that the attorney-client privilege has been asserted to "essentially each and every document in possession of Parker related to this claim." [162] at 5. However, Defendants have not identified which communications were made in pursuit of legal advice, and which were not. Nor have Defendants provided a privilege log for the Court or Plaintiffs to ascertain whether any documents are in fact privileged.

Under Rule 45, the person withholding subpoenaed information under a claim that it is privileged or subject to protection as work product must "describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed. R. Civ. P. 45(e)(2)(A)(ii). Likewise, Federal Rule of Civil Procedure 26(b)(5) makes clear that a party withholding information otherwise discoverable on the basis of privilege or work product is required to both "expressly make the claim" and "describe the nature of the documents, communications, or tangible things not produced or disclosed" and to "do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the

4

claim." Finally, Local Uniform Civil Rule 26(e) provides that any party asserting a privilege is required to submit a privilege log and that failure to do so may subject the withholding party to sanctions or may be viewed as a waiver of privilege or work-product protection.

Defendants have failed to comply with these requirements. Defendants instead take the position that, because the subpoena seeks information from a third party, they are not withholding any information in response to the subpoena and "they should not incur the time and expense of working through each and every document in possession of Parker, nor is this required as Defendants are not the party to whom the request is directed." [162] at 5. The Court rejects this position. Courts have repeatedly recognized that a privilege log is still required when a party claims privilege for a subpoena duces tecum directed at a third party. *See, e.g., Midwest Feeders, Inc. v. Bank of Franklin*, 2016 WL 7422560 (S.D. Miss. May 16, 2016); *Bobo v. Frost, PLLC*, 2019 WL 5684530 (S.D. Miss. Mar. 29, 2019).

Defendants cannot raise a blanket assertion of the privilege on the one hand and release themselves of the burden demonstrating that the privilege exists on the other. Indeed, Defendants say that they have "properly asserted the attorney-client privilege" for "essentially each and every document in possession of Parker related to this claim." [162] at 5. As such, they bear the burden of demonstrating that the privilege exists. Without identifying the documents that are allegedly privileged, Defendants have not carried their burden. Accordingly, because Defendants have failed to provide a privilege log, Plaintiffs argue that the privilege is waived. *See* [131] at 4.

The Court cannot presently ascertain whether any documents in response to the subpoena are privileged. However, it is likely that a full response to the subpoena may include information protected by the attorney-client privilege. Rather than find a waiver of the privilege, the Court

will afford Defendants an opportunity to produce a privilege log that identifies specific documents that are, or will be, withheld based on the attorney-client privilege and/or the work-product doctrine, discussed below.

***Work-Product Doctrine***

The work-product doctrine protects only materials that were prepared in anticipation of litigation. Fed. R. Civ. P. 26(b)(3). Documents prepared in the ordinary course of business or that would have been created in similar form irrespective of the litigation are not protected as work product. However, if the "primary motivating purpose" in creating the documents was to aid possible future litigation, then the work-product doctrine applies. *In re Kaiser Alum. & Chem. Co.*, 214 F.3d 586, 593 (5th Cir. 2000). "Like the attorney-client privilege, the work-product doctrine protects only the attorney's work product and not the underlying facts." *Adams v. Mem. Hermann*, 973 F.3d 343, 350 (5th Cir. 2020) (cleaned up). The burden is on Defendants to show that the materials requested were prepared by their representative in anticipation of litigation or for trial. *See Total Rx Care v. Great N. Ins. Co.*, 318 F.R.D. 587, 596 (N.D. Tex. 2017). General allegations of work product protection are insufficient to meet this burden. *Id*.

According to Defendants, they retained Parker for the "primary motivating purpose" to aid in possible future litigation and that Parker "is in possession of confidential communications discussing strategy, litigation reports and claim evaluations." [122] at 4-5. Defendants say that they reported a claim to Parker regarding the accident giving rise to this lawsuit the day after the accident, which occurred on December 21, 2022. IMC and Parker both received a letter from Plaintiffs' counsel on January 26, 2023, notifying IMC and Parker of Plaintiffs' legal representation and demanding the preservation and production of any evidence relevant to the accident.

Defendants and Parker were plainly put on notice of potential, if not imminent, litigation when they received the letter from Plaintiffs' counsel on January 26, 2023. The work performed after this date very well may be protected by the work-product doctrine. It is unclear, however, whether Defendants believe that the work-product doctrine applies for any documents created before January 26, 2023. Even so, Defendants have not provided a privilege log that identifies any documents that are, or will be, withheld based on the work-product doctrine. That information shall also be identified in a privilege log in response to the Parker subpoena.

Based on the foregoing, the Court does not find an adequate basis to quash the subpoena outright, particularly as it relates to Paragraphs 3 (contracts) and 4 (standards, policies, and procedures). *See* [106-1] at 4. Defendants have not attempted to explain how the disclosure of contracts between IMC and Parker or Parker's standards, policies, and procedures involves confidential communications between lawyer and client, nor documents prepared in anticipation of litigation. Therefore, the Court rejects IMC's claim of protection under the attorney-client privilege or work-product doctrine as to any copies of contracts between IMC and Parker or copies of Parker's standards, policies, and procedures. And, as noted, Parker has not objected to the subpoena.

Accordingly, the subpoena shall be responded to, and any documents responsive to Paragraphs 1 and 2 in the subpoena [106-1] that are, or will be, withheld based on the attorney-client privilege or the work-product doctrine shall be identified in a privilege log in compliance with the Federal Rules of Civil Procedure and the Local Rules of this Court.[2] The documents responsive to Paragraphs 3 and 4 of the subpoena [106-1] shall be produced.

---

[2] Plaintiffs also argue that the Motion [121] could be denied for Defendants' failure to confer in good faith prior to filing the Motion [121], which runs afoul of the Local Rules, the Case Management Order [9], and the Federal Rules of Civil Procedure. Indeed, this Motion [121]

IT IS, THEREFORE, ORDERED that:

1. Defendants Intermodal Cartage Co., LLC, and Julian Davis's Motion to Quash Plaintiffs' Subpoena Duces Tecum to Parker & Associates, LLC [121] is GRANTED in part and DENIED in part;

2. The documents requested in the subpoena duces tecum shall be produced by Parker & Associates, LLC, by not later than February 5, 2025.  However, except as to the documents requested in Paragraphs 3 and 4 of the subpoena [106-1], Defendants may withhold production of those materials that they believe are protected by the attorney-client privilege and/or the work-product doctrine as identified in a privilege log that shall also be served upon Plaintiffs by not later than February 5, 2025; and

3. All other relief demanded in the Motion [121] is DENIED.

SO ORDERED, this the 24th day of January, 2025.

                                                  s/Michael T. Parker
                                                  United States Magistrate Judge

---

perfectly illustrates why the attorney conference prior to filing a discovery motion is necessary. Most quarrels about the information sought in the subpoena duces tecum may have been resolved among the parties in such a conference.  Defendants, though, decided to forego that opportunity.