IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**CAMERON THOMPSON,** *et al.*                                                                   **PLAINTIFFS**

**v.**                                                          **CIVIL ACTION NO.: 2:24-cv-34-KS-MTP**

**INTERMODAL CARTAGE CO., LLC,** *et al.*                                       **DEFENDANTS**

## ORDER

THIS MATTER is before the Court on Plaintiffs Cameron Thompson and Kellie Nelson's Motion for Continuation of 30(b)(6) of Intermodal Cartage Co., LLC, and Motion for Sanctions [124]. Having carefully considered the Motion [124], the applicable law, and the parties' submissions, the Court finds that the Motion [124] should be DENIED.

On November 12, 2024, Plaintiffs Cameron Thompson and Kellie Nelson filed their Third Amended Notice of 30(b)(6) Deposition of Intermodal Cartage Co., LLC ("IMC") [100], which outlined twenty-nine (29) topics of inquiry, some of which were limited previously by the Court's Order [86]. Two weeks later, on November 26, 2024, Plaintiffs deposed IMC's corporate representative, Leslie Attkisson. Attkisson's testimony, however, failed to satisfy Plaintiffs' expectations. So, Plaintiffs filed the instant Motion [124] complaining that "Attkisson was an inadequate 30(b)(6) representative." [124] at 2.

In support, Plaintiffs say that Attkisson "repeatedly avoided answering and refused to answer questions which were within the topics and documents requested for the deposition" and that Attkisson "answered 'I don't know' more than one hundred and fifty (150) times" in response to questions asked throughout the deposition. *Id*. at 1-2. But that is not all.

Plaintiffs also criticize IMC's counsel for "repeatedly and improperly instruct[ing] … Attkisson … not to answer relevant questions posed by counsel" for Plaintiffs. *Id*. at 2.

1

Additionally, Plaintiffs declare that "[c]ounsel for IMC repeatedly made improper and unethical speaking objections during the deposition." *Id*. at 3. Plaintiffs, therefore, request that this Court enter an order to reconvene IMC's 30(b)(6) deposition at IMC's expense; to compel IMC's 30(b)(6) representative to answer the questions that were objected to; to order that all questions "unanswered" be deemed adversely answered; and to award all expenses, including attorneys' fees, incurred in filing the Motion [124] and for re-deposing the witness. *Id*. at 3-4.

Defendants argue that the Motion [124] should be denied since Plaintiffs "failed to identify any specific topic for which Defendants failed to produce a competent designee." [133] at 10. Defendants also claim that they "produced a knowledgeable deponent for questions related to the 29 topics of the 30(b)(6) notice and as limited by this Court's protective order." *Id*. The Plaintiffs, say Defendants, "overlook their conscious disregard of the protecti[ve] order entered by this Court and fail to recognize the distinction between testimony taken subject to an objection and an instruction not to answer." *Id*. at 2. Defendants argue that the "objections and instructions not to answer were appropriate, or at least did not rise to the level of sanctionable conduct." *Id*. at 10.

For the reasons set forth below, the Court finds that the Motion [124] should be denied.

***Plaintiffs' Reply Brief***

For starters, the Court strikes the Plaintiffs' Reply [164] as it runs afoul of the Local Rules. The Local Rules mandate that a movant's "original and rebuttal memorandum briefs *together* may not exceed a total of thirty-five pages…." L.U. Civ. R. 7(b)(5) (emphasis added). Plaintiffs' original memorandum brief totaled thirty-five pages, exhausting the page-limit set by the Local Rules and leaving no room for a reply brief. *See* [125]. Nevertheless, Plaintiffs ignored the Court's previous admonition concerning *this very rule*. *See* Order [148] at 3.

Indeed, without requesting leave of Court, Plaintiffs filed an eleven (11)-page reply brief with ninety-one (91) pages of attached exhibits. *See* [164]. The Court strikes the Reply [164] and considers the Motion [124] without it. *See, e.g., Rigsby v. State Farm Ins. Co.,* 2010 WL 11428407, at n.1 (S.D. Miss. May 5, 2010).

***Plaintiffs' Request to Reconvene IMC's 30(b)(6) Deposition***

Rule 30(b)(6) governs deposition notices directed to organizations. In the deposition notice, the party "must describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). In response, the organization must designate an agent or other person to testify on its behalf "about information known or reasonably available to the organization." *Id.* "The duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved. The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources." *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006).

Plaintiffs say that Attkisson was "inadequately prepared to address all the topics of inquiry listed in the Notice of 30(b)(6)." [125] at 12-13. To be entitled to the requested relief, Plaintiffs must address each topic at issue, show where in the deposition Attkisson was asked questions related to that topic, and show that Attkisson was unprepared and unable to answer questions related to that topic. *See United States v. Road Builders, Inc., et al.*, 2021 WL 6882333, at *1 (S.D. Miss. Jan. 4, 2021).

Here, Plaintiffs do not show, or even address, how Attkisson's testimony was deficient with respect to each topic. They provide only a list of Attkisson's "I don't know" statements hoping to illustrate the deficiencies of Attkisson's responses, yet never identifying the noticed

3

topics at issue.  The Court declines to engage in guesswork to determine which topics Plaintiffs believe were inadequately addressed.

Because Plaintiffs have failed to show that Attkisson was "inadequately prepared" to address "all the topics listed in the Notice of 30(b)(6)," the Court denies Plaintiffs' request that IMC's 30(b)(6) deposition be reconvened.  Moreover, having read the entirety of the deposition transcript provided elsewhere (*see* [151, 152, 153]), the undersigned finds that Attkisson appeared to provide substantive testimony in response to the questions asked by Plaintiffs' counsel and that were permitted by the Protective Order [86].

*"Improper and Unethical Objections"*

The Federal Rules of Civil Procedure provide that "[t]he examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence...." Fed. R. Civ. P. 30(c)(1).  "An objection at the time of the examination—whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition—must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection."  Fed. R. Civ. P. 30(c)(2).  "An objection must be stated concisely in a nonargumentative and nonsuggestive manner."  *Id.*  "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."  *Id*.  "The court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2); *see also* Fed. R. Civ. P. 37.

According to the deposition transcript, Attkisson was instructed not to answer on at least six (6) occasions.[1] *See* [151] at 42-43, 122-23; [152] at 34, 48-49. Each instruction was offered to enforce a limitation set forth in the Protective Order [86], however, which is plainly allowed under Fed. R. Civ. P. 30(c)(2). The undersigned finds that counsel for IMC's instructions not to answer were not made in bad faith and were certainly not unethical.[2] And Plaintiffs do not point to any specific information that they were unable to obtain or could not have obtained (and permitted by the protective order) during the deposition as a result of the instructions not to answer.[3] The Court declines Plaintiffs' request for sanctions, declines to order IMC's 30(b)(6) representative to answer all questions objected to, and declines to order that all questions "unanswered" be deemed adversely answered.

IT IS, THEREFORE, ORDERED that Plaintiffs Cameron Thompson and Kellie Nelson's Motion for Continuation of 30(b)(6) of Intermodal Cartage Co., LLC, and Motion for Sanctions [124] is DENIED.

SO ORDERED, this the 29th day of January, 2025.

                                                s/Michael T. Parker
                                                United States Magistrate Judge

---

[1] It is true that counsel for IMC objected to myriad questions asked during the deposition based on "form" and "scope." Still, IMC's counsel did not instruct Attkisson not to answer these questions, and Attkisson responded accordingly.

[2] Indeed, many questions were broader than permitted by the Protective Order [86]. Plaintiffs' counsel even indicated that he would not be "handcuffed" by the order. *See* [152] at 6.

[3] Even if Plaintiffs complain that other individuals were better suited to provide certain information, individual depositions have been scheduled for Robert Brower, John Suttle, Wayne Wells, and John Tomasso—all of whom were mentioned throughout IMC's 30(b)(6) deposition as perhaps possessing information relevant to, *inter alia*, the training and oversight of the driver. *See* [168, 169, 170, 171]. Moreover, the organization gets to choose which of its representatives or employees will testify, not the opponent.