IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**CAMERON THOMPSON,** *et al.*                                                                            **PLAINTIFFS**

**v.**                                                                                        **CIVIL ACTION NO.: 2:24-cv-34-KS-MTP**

**INTERMODAL CARTAGE CO., LLC,** *et al.*                                                 **DEFENDANTS**

**ORDER**

THIS MATTER is before the Court on the Motion to Quash Subpoena [202] filed by nonparty Graham C. Calvert. Because the Motion [202] runs afoul of the Local Rules, the Court finds that it should be DENIED.

Graham C. Calvert was retained as a medical expert in this matter by the Defendants. *See* [202] at 1. A subpoena was issued to Calvert on February 3, 2025, demanding that Calvert produce a litany of documents regarding his role as an expert witness. *See* [202-1]. The subpoena required the production of the documents requested by not later than February 18, 2025.

Calvert filed the instant Motion [202] on February 18, 2025, arguing that the subpoena should be quashed and that "Plaintiffs' counsel should be ordered to conduct expert discovery through coordination with defense counsel." [202] at 1. In other words, the information requested directly from Calvert should instead be sought "through the Defendants who retained Dr. Calvert." *Id*. Calvert requests that the subpoena be quashed, or alternatively, that he be given a sixty (60)-day extension to respond to the subpoena.

"Motions regarding subpoenas are considered discovery motions and are governed by the procedural requirements that govern discovery motions." L.U. Civ. R. 45(e). The Local Rules of this Court require that "[b]efore service of a discovery motion, counsel must confer in good

1

faith to determine to what extent the issue in question can be resolved without court intervention[,]" and that a "Good Faith Certificate … must be filed with all discovery motions." L.U. Civ. R. 37(a).

Here, the Motion [202] is not accompanied by a certification of good faith nor does it indicate that Calvert's counsel conferred with Plaintiffs' counsel prior to filing the Motion [202]. Additionally, Calvert did not file a memorandum brief as required by L.U. Civ. R. 7(b)(2)&(4), nor did he request that this requirement be waived. Accordingly, the Motion [202] should be denied.

IT IS, THEREFORE, ORDERED that the Motion to Quash Subpoena [202] is DENIED without prejudice. The motion may be refiled, if necessary, if the attorney conference does not resolve the issues.

SO ORDERED, this the 19th day of February, 2025.

                                                      s/Michael T. Parker
                                                      United States Magistrate Judge