# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

CAMERON THOMPSON,
KELLIE NELSON, Individually and
as mother and next friend of
J.C., a minor                                                                                    PLAINTIFFS

v.                                                                        CIVIL ACTION NO. 2:24-cv-34-KS-MTP

INTERMODAL CARTAGE CO., LLC,
D/B/A IMC HOLDING, LLC; and
JULIAN DAVIS, Individually                                                                DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause comes before the Court on Plaintiffs' *Daubert* and Dispositive Motion[1] to Exclude Expert Opinions by Nancy Michalski [211]. The motion is fully briefed and ripe for ruling. Having reviewed the parties' briefs and materials in support thereof and the relevant legal authority, and otherwise being duly advised in the premises, the Court finds that, for the following reasons, the Motion will be denied.

I.  BACKGROUND

This case arises from a traffic accident that occurred on December 21, 2022 at an intersection on U.S. Highway 98, involving an 18-wheeler and a Ford F-150 pickup truck. Cameron Thompson and his son, J.C., brought this action seeking damages, which include, among other things, past medical expenses for injuries sustained in the accident. To prove those damages, Plaintiffs intend to produce evidence of $40,440.00 in medical bills for Cameron Thompson[2] that presumably relate to treatment he received for his injuries.

---

[1] As a point of edification, a dispositive motion is one that would bring final resolution of the case. This motion to exclude an expert's opinions would not resolve this case and so does not qualify as a dispositive motion.

[2] There is no mention of medical bills for Cameron's son, J.C.

Defendants propose to offer expert testimony from Nancy Michalski, a registered nurse and medical bill auditor, regarding the "reasonable value" of Cameron's medical treatment. Of the $40,440.00 billed for medical services provided to Cameron, Michalski opines that the reasonable value of such services is only $33,166.60.

Plaintiffs contend that Michalski's opinions are inadmissible because the methodology Michalski used to arrive at her opinions violates Mississippi's collateral source rule and because the opinions are otherwise not relevant or reliable. Defendants argue that Plaintiffs misapprehend the expert's methodology, which does not run afoul of the collateral source rule, and, not surprisingly, that her opinions are both relevant and reliable.

**II.    DISCUSSION**

    **A. Legal Standard**

The motion before the Court challenges the admissibility of expert testimony and opinions under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L.Ed.2d 469 (1993). The admissibility of expert testimony is governed by Rule 702, which states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a)    the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b)    the testimony is based on sufficient facts or data;
>
> (c)    the testimony is the product of reliable principles and methods; and
>
> (d)    the expert has reliably applied the principles and methods to the facts of the case.

This Rule places the district court in a gatekeeping role to ensure that scientific evidence is both reliable and relevant. *See Curtis v. M&S Petroleum, Inc.*, 174 F.3d 661, 668 (5th Cir. 1999) (citing *Daubert*, 509 U.S. at 597, 113 S. Ct. 2786).[3] As explained by the Fifth Circuit, this role requires the district judge to undertake a two-part analysis. First, the district judge must determine whether the proffered testimony is reliable, requiring an assessment of whether the reasoning or methodology underlying the testimony is scientifically valid. Second, the district judge must determine whether that reasoning or methodology can be properly applied to the facts in issue; that is, whether it is relevant. *Id*. (citing *Daubert*, 509 U.S. at 592-93). It is the party offering the expert testimony who bears the burden of proving that the testimony is admissible. *Smith v. Goodyear Tire & Co.*, 495 F.3d 224, 227 (5th Cir. 2007).

**B. Analysis**

In this case involving personal injuries, the Plaintiffs' ability to recover past medical expenses is at issue. At the heart of this issue is a statutory presumption regarding a plaintiff's medical bills. Under Mississippi law, "[p]roof that medical, hospital, and doctor bills were paid or incurred because of any illness, disease, or injury shall be prima facie evidence that such bills so paid or incurred were necessary and reasonable." Miss. Code Ann. § 41-9-119. "However, the opposing party may, if desired, rebut the necessity and reasonableness of the bills by proper evidence." *City of Jackson v. Graham*, 226 So. 3d 608, 613 (Miss. Ct. App. 2017). "The ultimate question is then for the fact-finder to determine." *Id.*

Plaintiff contends that while a defendant has the right to rebut the presumption in the medical bills, it must do so by "proper evidence" and because Michalski's opinions are inadmissible, "evidence which is not admissible is not proper." *Williams v. Manitowoc Cranes,*

---

[3] In *Kumho Tire Co. v. Carmichael*, the Court further held that clarified that a court's gatekeeper function applies to all expert testimony, not just testimony based in science. 526 U.S. 137, 147 (1999).

*LLC*, No. 1:14CV383-HSO-JCG, 2016 WL 146516, at *3 (S.D. Miss. Jan. 12, 2016). Again, to be admissible, in addition to the expert being qualified, the expert's opinion(s) must be reliable and relevant. Because Plaintiffs take no issue with Michalski's qualifications, for purposes of this Motion, the Court deems her qualified. In now undertaking the required two-part analysis, the Court chooses to start with relevance.

1. **Relevance**

"The relevance and reliability of expert testimony turn[] upon its nature and the purpose for which its proponent offers it." *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010). The relevance inquiry requires the court to determine if expert testimony will "assist the trier of fact to understand the evidence or to determine a fact in issue." *Daubert*, 509 U.S. at 591; *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 245 (5th Cir. 2002); *KLLM Transp. Servs., LLC v. JBS Carriers, Inc.*, No. 3:12-CV-116, 2015 U.S. Dist. LEXIS 191835, at *12 (S.D. Miss. Aug. 17, 2015). "Evidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401.

Plaintiffs assert that any testimony at all "about the so-called 'reasonable value' of Plaintiff's medical bills are [sic] simply not referred to or a factual issue at dispute." [212] at p. 6. The Court disagrees. First, any compensatory damages awarded a plaintiff must be *reasonable* and calculated to make the plaintiff whole. *See Richardson v. Canton Farm Equip't, Inc.*, 608 So.2d 1240, 1250 (Miss. 1992) (explaining that "compensatory damages are such damages as will compensate the injured party for injury sustained and nothing more"). More to the point, however, given the Defendants' right to rebut the "necessary and reasonable" presumption regarding evidence of medical bills, it seems clear that Michalski's opinions may be relevant. Having

4

reviewed the parties' submissions, including Michalski's report and affidavit, the Court finds that Michalski's opinions are indeed directed at the "reasonableness" of the amount of the medical bills by focusing on the charges themselves for the medical services rendered.

Perhaps some history of how this rebuttable statutory presumption came to be will shed light on Defendants' purpose in offering the opinion. As the Mississippi Court of Appeals recently explained:

> In *McCay v. Jones*, 354 So. 2d 1095, 1101 (Miss. 1978), the Mississippi Supreme Court explained the history and purpose of the statute:
>
> Before the enactment of section 41-9-119, the common law was that medical expenses, where claimed as an element of damage, required proof connecting the bills for such medical expenses with the injury or disease sued on, **together with proof that the charges for the medical expenses claimed were reasonable**. The purpose of the statute was to simplify the procedure for proving medical expenses where claimed as an element of damages. It permits a party to introduce bills for medical expenses which have been paid or incurred, upon the testimony of the party that the bills were incurred or paid because of the illness, disease or injury sued on and makes the bills prima facie evidence *that the treatment was necessary* **and** *the charges therefor were reasonable*.

*Younger v. Southern*, No. 2022-CA-01228-COA, 2025 WL 1165244, at *12 (Miss. Ct. App. Apr. 22, 2025) (internal citation omitted) (emphasis added). Rather than have the statutory provision spell out that the presumption encapsulates both "that the treatment was necessary" and "that the charges were reasonable," the Mississippi Legislature chose instead to refer to "medical, hospital, and doctor *bills*" and articulate the presumption as "that such *bills* so paid or incurred were necessary and reasonable." Miss. Code Ann. §41-9-119 (emphasis added).

Notwithstanding the word choice, it is beyond cavil that a medical "bill" involves a *charge* for a medical *service or treatment* rendered. Therefore, it stands to reason that a defendant would have the opportunity to rebut those two presumptions either by introducing evidence contesting the necessity of the *treatment* itself, which many have done, or by introducing evidence contesting

5

the reasonableness of the *charges,* or both. Michalski's opinion testimony focuses solely on the reasonableness of the charges themselves.[4]

Accordingly, it is through Michalski's opinions that Defendants are attempting to rebut the presumption that the medical bills incurred were necessary and reasonable, and by reducing the charges, they would thereby reduce the amount recoverable on the medical bills.[5] There is something to be said for Defendant's argument that "[i]f a defendant is not allowed to contest the reasonableness of the plaintiff's medical charges with evidence as to what other providers in the same geographic area charge for the same services, it is difficult to envision any scenario where a defendant could ever rebut the presumption under Miss. Code Ann. § 41-9-119." [223] at p. 11.

Therefore, the Court finds that, because Michalski's opinions would assist the jury in determining whether the medical bills paid or incurred were necessary and reasonable by focusing specifically on the amounts charged,[6] the opinions are relevant. We must now look at how she arrived at her opinions, i.e., her methodology, to determine if her opinions are reliable.

### 2. Reliability

The reliability of expert testimony is determined under Rule 702 by assessing whether the reasoning or methodology underlying the testimony is scientifically valid. *Knight v. Kirby inland Marine Inc.*, 482 F. 3d 347, 352 (5th Cir. 2007). An expert's opinion is not proper evidence when

---

[4] In their Reply, Plaintiffs make the argument that charges themselves cannot be rebutted because the amount charged or incurred "is the only amount that is relevant" and that the issue of whether the charges are reasonable must be addressed by proper testimony from a physician. [224] at p. 7. Such argument seems to mistakenly limit any rebuttal to contesting solely the *treatment* provided.

[5] In their Reply, Plaintiffs argue that Defendants failed to plead "excessive medical bills" as an affirmative defense. [224] at p. 1. Aside from raising this issue for the first time in a reply, "excessive medical bills" is not an affirmative defense that a defendant would bear the burden of proving. *See Horton v. Epps*, 20 So. 3d 24, 30 (Miss. Ct. App. 2009) ("The party raising an affirmative defense bears the burden of proving such defense."). It is the plaintiff's burden to prove his damages, *see Scott Prather Trucking, Inc. v. Clay ex rel. Sanders*, 821 So. 2d 819, 821 (Miss. 2002), which is why § 41-9-119 establishes "prima facie evidence" of the reasonableness of medical bills. To argue the bills are excessive simply goes to undermine the plaintiff's ability to carry his initial burden to establish the elements of his case.

[6] Michalski offers no opinions about whether the treatment provided to Cameron was medically necessary.

it is based upon unsupported assumptions. *Genmoora Corp. v. Moore Business Forms, Inc*. 939 F. 2d 1149, 1163 (5th Cir. 1991). Plaintiffs' first argument is that Michalski's opinions are unreliable, and therefore inadmissible, because her methodology violates Mississippi's collateral source rule.

### a. Whether Michalski's opinions violate the collateral source rule

Mississippi's collateral source rule[7] bars a tortfeasor from reducing the damages it owes to a plaintiff 'by the amount of recovery the plaintiff receives from other sources of compensation that are independent of (or collateral to) the tortfeasor.'" *Johnson v. Cenac Towing, Inc*., 544 F.3d 296, 304 (5th Cir. 2008) (quoting *Davis v. Odeco, Inc*., 18 F.3d 1237, 1243 (5th Cir.1994)). In other words any "compensation or indemnity for the loss received by plaintiff from a collateral source, wholly independent of the wrongdoer, as from insurance, cannot be set up by the latter in mitigation or reduction of damages." *Chickaway v. United States*, No. 4:11-cv-00022-CWR, 2012 WL 3236518, at *1 (S.D. Miss. Aug. 7, 2012) (internal alterations omitted); *Brooks v. Purvis*, 70 So. 3d 1166, 1172 (Miss. Ct. App. 2011) (quoting *Coker v. Five-Two Taxi Serv*., 52 So. 2d 356, 357 (Miss. 1951)). Typically, the rule bars a defendant from introducing evidence that a plaintiff has *received payments* from a collateral source to reduce that defendant's liability for the damages. *Cf. Geske v. Williamson*, 945 So. 2d 429, 434 (Miss. Ct. App. 2006) (finding that evidence of settlement received for separate injury did not violate the collateral source rule and discussing cases where compensation received was for the same injury).

While payments made to, or on behalf of, a plaintiff, such as by insurance, are easily identifiable collateral sources, "Mississippi jurisprudence . . . does not limit the collateral source rule to insurance alone." *Manitowoc Cranes,* 2016 WL 146516, at *4. As this Court has recognized, partial payment of a medical charge by Medicaid or Medicare, and even "write-offs"

---

[7] In this diversity case, the Court must apply Mississippi substantive law. *See Weiser-Brown Operating Co. v. St. Paul Surplus Lines Ins. Co*., 801 F.3d 512, 517 (5th Cir. 2015)*; see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

by medical providers, can also be seen as collateral sources, evidence of which is barred by the collateral source rule. *See id.* (citing *Brandon HMA, Inc. v. Bradshaw*, 809 So. 2d 611, 618-20 (Miss. 2001) and *Wal-Mart Stores, Inc. v. Frierson*, 818 So. 2d 1135, 1140 (Miss. 2002)).[8] Also, evidence of gratuitous medical care is subject to the collateral source rule. *See Knox v. Ferrer*, No. 5:07-cv-6, 2008 WL 4446534, at *1 (S.D. Miss. Sept. 25, 2008).

When arguing that Michalski's opinions run afoul of the collateral source rule, Plaintiffs make the following arguments and statements:

- that Mississippi law does not allow Michalski to "write-down" the bills when the charges exceed what Medicare would reimburse to the provider or what the provider would accept from insurance. [212] at p. 1;

- that "Michalski specifically referred to and relied upon inadmissible collateral sources such as Medicare and private insurance companies in an attempt to circumvent the collateral source rule." [212] at p. 11;

- that Michalski's methodology converts Plaintiff's incurred medical bills into Medicare reimbursement payments and is "a backdoor attempt to give Defendant the benefit of any type of write-off . . . due to contracts with Medicare and private insurance companies." [212] at pp. 11-12; and

- that "Michalski only considers what Medicare and private insurance companies pay!" [212] at p. 18.

Had Michalski done such things, the Court may very well agree that the opinions are an impermissible violation of the collateral source rule. However, Plaintiffs fail to specify where in Michalski's report she addressed write-offs or Medicaid or Medicare payments or anything of the sort.[9] Although Plaintiffs cite to a plethora of case law about the collateral source rule, it appears

---

[8] In so far as "write-offs" are concerned, the Mississippi Supreme Court has clarified that cases like *Brandon* and *Frierson* have not established a hard and fast rule that "written-off" medical expenses are always admissible because it depends on the purpose for which the evidence is offered. *McGee v. River Region Med. Ctr.*, 59 So. 3d 575, 581 (Miss. 2011). So long as a plaintiff "can demonstrate relevance, a plaintiff should be allowed to present evidence of his or her total medical expenses, including those amounts 'written off' by medical providers." *Id.* Neither party in this case is addressing amounts written-off by medical providers, so the Court need not address this issue further.

[9] Likewise, Plaintiffs argue that Michalski's method of considering "what patients pay, rather than what medical providers charge" runs afoul of the collateral source rule. The Court cannot locate in Michalski's report where she made such consideration.

8

they misapprehend the methodology behind Michalski's opinions, thereby rendering much, if not all, of the numerous cases that Plaintiffs have relied upon inapplicable.

To be sure, Michalski's ultimate opinion is that the reasonable value of the medical services rendered is less than the amount billed. However, she does not arrive at this opinion based on payments made on behalf of Plaintiffs either by insurance or Medicaid/Medicare or evidence in the form of write-offs or self-pay discounts. Her ultimate opinion is based on what is essentially a "sub-opinion" that some of the rates charged were too high. Defendants emphasize, and the Court agrees, that Michalski's proposed testimony is not that Plaintiffs' recovery should be reduced by payment from an independent source; rather, it is that the charges are not reasonable when ultimately compared to charges from other similarly situated providers. Because Michalski does not arrive at her opinions, as Plaintiffs contend, by deducting, or even considering, payments, gifts, or write-offs from third parties, the Court finds that Michalski's opinions, on their face, do not violate Mississippi's collateral source rule.

### b. Whether Defendants have shown the opinions are otherwise reliable

Aside from the collateral source rule argument, Plaintiffs seem to make a few other, but unsupportable arguments. Plaintiffs claim that Michalski "has not sufficiently established that her method for projecting these future costs is generally accepted in the relevant scientific community." [212] at p. 12. However, there is no opinion by Michalski as to future costs. She addresses only past medical treatment. Plaintiffs also argue that "Michalski's methodology differentiates between expected charges for services as opposed to a reasonable value or actual cost to a patient." While the meaning of this statement is a bit unclear, Plaintiffs never explain which part of Michalski's report employs such methodology. Such general statements, without more explanation, leaves the Court guessing and does not show how the methodology is unreliable.

To be reliable, an expert opinion must be based on sufficient facts and data and be the product of reliable principles and methods. Fed. R. Evid. 702 (b), (c). In her affidavit, Michalski states, "To properly conduct a scientific analysis, I conduct research and rely upon a variety of governmental and private billing, coding, and pricing databases." [223-2] at ¶ 2. As Defendants generally describe it, and the Court agrees after review, Michalski used several nationally recognized sources to determine the reasonable value of the charges. She consulted multiple pricing databases including Physician's Fee Reference, PMIC Medical Fees, Find-a-Code, and the American Hospital Directory, and then applied a geographic adjustment factor for the location where the services were provided and ultimately arrived at her opinion as to the reasonable value of the medical services rendered to Cameron. Michalski further states in her affidavit that the method she employs underwent peer review in 2013 and 2023, the latter of which included a panel of experts who concluded that the methodology is the product of reliable principles and methods. [223-2] at ¶ 5. Plaintiffs have not shown otherwise.

Plaintiffs have not adequately challenged any of the steps in Michalski's methodology or the data used.[10] In their Reply, Plaintiffs assert that medical treatment is not a commodity or services that is like other goods or services. [224] at p. 1. Plaintiffs claim that medical providers have their own system, "Chargemasters," which establishes the prices for treatment provided. *See id.* The Court cannot accept a bald assertion in a party's brief as fact, but even if what Plaintiffs says is true, any criticism of how Michalski arrived at her opinions more properly addressed through the adversary system by cross-examination. *See United States v. 14.38 Acres of Land, More or Less Situated in Leflore Cnty., Miss.*, 80 F.3d 1074, 1077 (5th Cir. 1996) ("As a general

---

[10] In their Reply, it seems that Plaintiffs are not making any argument, aside from the collateral source rule, that Michalski's methodology is unreliable. [224] at p. 7 (distinguishing *Bailey v. Comcast of Louisiana/Mississippi/Texas, LLC*, 671 F. Supp. 3d 730 (S.D. Miss. 2023) because the Court denied the *Daubert* challenge specifically to Michalski's opinions "on the basis of unreliable methodology").

rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration." (citation omitted). Additionally, Plaintiffs complain that by comparing Cameron's providers to other "unidentified" providers, Michalski failed to account for the quality of services, the cost of the services, or the continuity of care, making her opinion, a comparison of apples to "unidentified oranges." [224] at 2. Again, these critiques go to the weight not the admissibility of the opinion.

Finally, Plaintiffs argue that numerous other courts have excluded experts who have used Michalski's exact same methodology, citing several cases. [212] at p. 14. Because Plaintiffs have misunderstood Michalski's methodology, the Court cannot agree. Without having the benefit of the reports from the experts involved in those cases, it is unclear whether we can truly compare "apples" to "apples." For example, in *Manitowoc Cranes*, Judge Halil Ozerden found that the expert's "methodology essentially converts charges to the patient to costs incurred by the applicable medical facility. . . [he] then adds a "conservative" 5% operating margin to these adjusted costs. . . . this methodology results in a cost-plus 5% profit figure for hospital charges, rather than reflecting the actual amount charged to Mr. Williams by the hospitals." 2016 WL 146516, at *4. This is not the methodology employed by Michalski.

Without more specific information on the other expert's opinions (and only those specifically regarding charges), the Court would be guessing. To address every case cited would seem to be an exercise in futility because "a district court has broad discretion to determine whether a body of evidence relied upon by an expert is sufficient to support that expert's opinion." *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 354 (5th Cir. 2007). This Court exercises its discretion here, and trusts that those courts did the same with what they were presented and reached the correct result.

11

"[W]here [expert] testimony's factual basis, data, principles, methods, or their application are called sufficiently into question, . . . the trial judge must determine whether the testimony has 'a reliable basis in the knowledge and experience of [the relevant] discipline.'" *Kumho Tire*, 526 U.S. at 149 (citing *Daubert*, 509 U.S. at 592). Aside from arguing that Michalski's opinions violate the collateral source rule, the Court finds that Plaintiffs have not sufficiently called into question Michalski's data, principals, method, or their application.

### III. CONCLUSION

For the reasons stated herein, it is hereby ORDERED that Plaintiffs' Motion to Exclude Expert Opinions by Nancy Michalski [211] is DENIED. The jury can consider Michalski's testimony regarding the reasonable value of the medical services rendered and decide whether to accept or reject it, in whole or in part, in awarding damages, if any.

SO ORDERED AND ADJUDGED this 19th day of May 2025.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE